In re Petition for DISCIPLINARY ACTION AGAINST Christopher James BIANCO, an Attorney at Law of the State of Minnesota.

No. C0–00–1850.

Supreme Court of Minnesota.

March 23, 2001.

---

## ORDER

The Director of the Office of Lawyers Professional Responsibility has filed a petition for disciplinary action alleging that respondent Christopher James Bianco has committed professional misconduct warranting public discipline, namely, he consumed alcohol in violation of his criminal probation and a pretrial release order, represented a client after suspension of his license for nonpayment of attorney registration fees, and failed to cooperate with the Director's investigation in violation of Minn. R. Prof. Conduct 3.4(c), 5.5(a) and 8.1(a)(3), Rule 25, Rules on Lawyers Professional Responsibility (RLPR), and the Court's holding in In re Cartwright, 282 N.W.2d 548 (Minn.1979).

Respondent admits his conduct violated the Rules of Professional Conduct, waives his rights pursuant to Rule 14, RLPR, and has entered into a stipulation with the Director wherein they jointly recommend that the appropriate discipline is a 60–day suspension followed by two years of supervised probation subject to the following conditions:

(a) Respondent may not be reinstated by payment of his attorney registration fee until he has completed the 60 day suspension and fully satisfied the requirements herein.

(b) Respondent shall comply with Rule 26, RLPR.

(c) Respondent may be reinstated following the expiration of the suspension provided that respondent files an affidavit with the Clerk of Appellate Courts and the Director's Office, in accordance with Rule 18(b), RLPR, establishing that respondent is current with Continuing Legal Education and has fully complied with Rules 24 and 26, RLPR. Respondent may file said affidavit 15 days before the expiration of the suspension period in order to be reinstated at the end of the 60–day suspension.

(d) Respondent's probation shall be subject to the following conditions:

(i) Respondent shall be supervised by a licensed Minnesota attorney, appointed by the Director to monitor compliance with the terms of this probation. Respondent shall provide the Director with the names of four attorneys who have agreed to be nominated as respon-

dent's supervisor within two weeks of reinstatement. If, after diligent effort, respondent is unable to locate a supervisor acceptable to the Director, the Director will seek to appoint a supervisor. Until a supervisor has signed a consent to supervise, the respondent shall on the first day of each month provide the Director with an inventory of active client files described in paragraph (ii) below. Respondent shall make active client files available to the Director upon request.

(ii) Respondent shall cooperate fully with the supervisor in his/her efforts to monitor compliance with this probation. Respondent shall contact the supervisor and schedule a minimum of one in-person meeting per calendar quarter. Respondent shall submit to the supervisor an inventory of all active client files by the first day of each month during the probation. With respect to each active file, the inventory shall disclose the client name, type of representation, date opened, most recent activity, next anticipated action, and anticipated closing date. Respondent's supervisor shall file written reports with the Director at least quarterly, or at such more frequent intervals as may reasonably be requested by the Director.

(iii) Respondent shall initiate and maintain office procedures that insure that there are prompt responses to correspondence, telephone calls, and other important communications from clients, courts, and other persons interested in matters that respondent is handling, and which will insure that respondent regularly reviews each and every file and completes legal matters on a timely basis.

(iv) Within 30 days from reinstatement, respondent shall provide to the Director and to the probation supervisor, if any, a written plan outlining office procedures designed to insure that respondent is in compliance with probation requirements. Respondent shall provide progress reports as requested.

(v) Prior to reinstatement, and if respondent has not already done so, respondent agrees to undergo a chemical dependency evaluation by a treatment center acceptable to the Director and to follow all recommendations of the evaluating treatment center.

(vi) Respondent shall maintain total abstinence from alcohol and other mood-altering chemicals, except that respondent may use prescription drugs in accordance with the directions of a prescribing physician who is fully advised of respondent's chemical dependency before issuing the prescription.

(vii) Respondent shall attend weekly meetings of Alcoholics Anonymous or another out-patient alcohol treatment program acceptable to the Director. Respondent shall, by the tenth day of each month, without a specific reminder or request, submit to the Director an attendance verification on a form provided by the Director, which provides the name, address, and telephone number of the person personally verifying the attendance. Such attendance verification shall also, upon request, be provided to the respondent's supervisor, if any.

(viii) Respondent shall, at his own expense, no more than four times per month, submit to random urinalysis for drug screening at a facility approved by the Director and shall direct the drug screening facility to provide the results of all urinalysis testing to the Director's Office. If, after six months, all such tests have been negative, the frequency of the random tests may be reduced. Respondent shall cooperate with the phone-in program established by the Director for the random tests. Any failure to phone-in in accordance with the random test program shall be considered the same as receipt of a positive test

result. Any positive test result will be grounds for revoking this probation.

(ix) Respondent shall be required to successfully complete the professional responsibility portion of the state bar examination within one year of the date of reinstatement.

IT IS HEREBY ORDERED that respondent Christopher James Bianco is suspended from the practice of law for 60 days, and upon reinstatement is placed on two years' supervised probation subject to the agreed-upon conditions set forth above. Respondent shall pay $900 in costs and disbursements pursuant to Rule 24, RLPR.

BY THE COURT:
Alan C. Page
Associate Justice